UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YVETTE WEINSTEIN, CHAPTER 7
TRUSTEE OF THE GEORGE S.
AQUINO BANKRUPTCY ESTATE,

    Plaintiff,

v.

DIRECT ACCESS, LLC, *et al.*,

    Defendants.

Case No. 2:10-CV-00822-KJD-LRL

**ORDER**

    Presently before the Court is Plaintiff's Motion to Remand (#14). Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP ("Defendants") filed a response in opposition (#17) to which Plaintiff replied (#23).

I.  Background and Procedural History

    Plaintiff filed her complaint on February 25, 2010 in Nevada state court. She asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, violations of Nevada statute, fraud, misrepresentation, conversion and civil conspiracy. Defendants were served on May 11, 2010. Defendants filed a timely notice of and petition for removal on June 1, 2010. Defendants based jurisdiction upon federal questions they assert that Plaintiff had raised in her complaint under the Truth in Lending Act ("TILA), the Real Estate Settlement Procedures Act ("RESPA"), and the

Fair Credit Reporting Act ("FCRA").  Now Plaintiff has timely filed her motion to remand asserting that her well plead complaint only raises state law claims and does not raise substantial issues of federal law.

II.  Motion to Remand

Federal courts have removal jurisdiction only if there is original jurisdiction over a suit.  See 28 U.S.C. §1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant").  Furthermore, there is a strong presumption against removal jurisdiction which means that the defendant always has the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  In effect, a party seeking removal must show that plaintiff has either alleged a federal claim, a state claim that requires a resolution of a substantial issue of federal law, or a state claim completely pre-empted by federal statute.  See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987).

The presence of federal-question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar, 482 U.S. at 392.  The plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  Id.  Defendants essentially argue that Plaintiff omitted necessary federal claims to avoid jurisdiction.

However, though Plaintiff asserts that defendants misrepresented information in federally required forms under TILA and RESPA, the claims arise under state law.  Plaintiff is not asserting that violations of TILA, RESPA, and the FCRA gave rise to the state law claims.  Plaintiff merely asserts that information that was provided as a requirement by those laws were misrepresentations. Even if Plaintiff had claims under those federal statutes, Plaintiff has failed or chosen not to raise them here.  Defendants have failed to meet their burden in establishing that Plaintiff has alleged

federal claims or state law claims that require resolution of substantial issues of federal law. Thus, the Court grants the motion to remand.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#14) is **GRANTED**.

DATED this 7th day of October 2010.

_____
Kent J. Dawson
United States District Judge